Joanne M. Briese
1216 16th Street West, Suite 30
Billings, MT 59102
(406 256-5029)
ID No. 2321
E-mail: JBriese106@AOL.COM
Fax No. 1-406-256-9905
Attorney for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

In Re:                                                                        Case No. 10-61980-RBK-13

GARY PAUL GLASGOW and
RACHEL ANNETTE GLASGOW,

            Debtors.

**FIRST AMENDED CHAPTER 13 PLAN DATED 29 SEPTEMBER 2010**

    1.    The future earnings and other income of the Debtors are submitted to the supervision and control of the Chapter 13 Trustee Standing Trustee as necessary for the execution of this plan. Debtors shall pay to the Trustee the sum of $200.00 each month through September of 2011. Commencing in October of 2011, Debtors shall pay to the Trustee the sum of $375.00 each month until this plan is completed. The first payment shall be due on 23 September 2010 and all subsequent payments shall be due on the 23rd day of each month. It is contemplated that this plan will take 60 months to complete.

    Plan payments must commence within 30 days of the filing of the plan. The Debtors must make plan payments directly to the Trustee until their employer deduction begins.

    2.    From payments received, Trustee shall make the following disbursements:

    (a)    ADMINISTRATIVE CLAIMS.

    Trustee shall pay those claims, fees or charges specified in 11 U.S.C. §507(a)(2), including Debtors' attorney fees and costs in such amount as allowed by the Court. As of the date of this plan, Debtors' counsel estimates that the total attorney fees and costs for representation of Debtors (excluding the fee for filing the Debtors' petition) will be as follows:

| | |
|---|---|
| Estimated total Attorney Fees | $ 3,500.00 |
| Estimated total Costs | $ 350.00 |
| Total Estimated Attorney Fees and Costs | $ 3,800.00 |
| Less Retainer | $ 1,300.00 |
| Total Fees and Costs to be paid through plan | $ 2,500.00 |

    (b)    IMPAIRED SECURED CLAIMS.

    After the payments provided for above, the Trustee shall pay allowed secured claims as determined pursuant to 11 U.S.C. 506(a), together with interest at the rate prescribed below from the date of confirmation, on a pro rata basis as follows:

| **Creditor** | **Allowed Secured Claim** | **Interest Rate** |
|---|---|---|

1  None

2  (c)  UNIMPAIRED SECURED CLAIMS.

3  The following secured creditors, whose claims will be left unimpaired by this plan, are not provided for by this plan and shall receive no payments through the trustee except with regard to those arrearages specified below, if any:

| **Creditor** | **Description of Collateral** |
|---|---|
| Bank of America<br>Loan No. 1326712302<br>Claim No. _____ | Homestead |
| Bank of America<br>Loan No. 132780192<br>Claim No. 4 | Homestead |

Concurrently with the payments on impaired secured claims specified above, if any, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a *pro rata* basis until the same have been paid in full:

| **Creditor** | **Amount of Arrearage** |
|---|---|
| Bank of America<br>Loan No. 1326712302<br>Claim No. _____ | $ 9,384.21 |
| Bank of America<br>Loan No. 132780192<br>Claim No. 4 | $ 3,232.40 |

Upon completion of the plan, all pre-petition arrearages shall be deemed current.

(d)  DOMESTIC SUPPORT OBLIGATIONS.

After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations. Such allowed claims for prepetition domestic support obligations shall be paid in full under this plan, without interest unless otherwise provided..

| **Creditor** | **Address** | **Claim Amount** |
|---|---|---|

None

(e)  PRIORITY CLAIMS.

After payments provided for above, the Trustee shall pay allowed priority claims in such order as specified in 11 U.S.C. 507.

Internal Revenue Service
Montana Department of Revenue

(f)  UNSECURED CLAIMS.

After the payments specified above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, non-priority claims on a *pro rata* basis.

(g) LIQUIDATION ANALYSIS.

The total amount distributed under paragraphs 2(e) and (f) will be at least $500.00, which exceeds what would be available to pay unsecured claims if the Debtors' estate was liquidated under Chapter 7 of the Bankruptcy Code. No interest shall be paid nor accrue on any general, allowed, unsecured claims during the pendency of the Chapter 13 Plan, excluding non-dischargeable student loan debt pursuant to 11 U.S.C. §523(a)(9). A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. REJECTION OF CONTRACTS OR LEASES. Debtors reject the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

| **Type of Agreement** | **Date of Agreement** | **Other Party to Contract** |
|---|---|---|
| None | | |

All other executory contracts and unexpired leases shall be assumed.

4. SURRENDER OF PROPERTY: Debtors surrender any interest in the following collateral to Creditor in full satisfaction of Creditor's secured claim. In order for any unsecured deficiency to be allowed and paid, a Proof of Claim must be filed pursuant to Montana's Local Bankruptcy Rules.

| **Creditor** | **Description of Collateral** |
|---|---|
| None | |

5. POSTPETITION SECURED DEBT: Debtors reserve the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor's performance under this plan.

6. REPORT OF CHANGES IN INCOME. Debtors commit all projected disposable income to the Plan and shall report any changes in income in excess of $300.00 per month to the Trustee.

7. OTHER PROVISIONS:

    a. All property, including Debtors' homestead property, shall remain property of the estate and shall vest in the Debtors only upon dismissal, discharge or conversion. Debtors shall be responsible for the preservation and protection of all property of the estate at all times, including the period of time between confirmation of Debtors' plan and the dismissal, discharge or conversion of this case.

    b. Upon confirmation of Debtors' plan, all issues that have been or could have been decided involving Bank of America, Loan No. 132671230 and Bank of American Loan No. 132780192, are *res judicata* and Debtors reserve all rights under applicable Federal and State Law with regard to those issues including rights under 11 U.S.C. §524(i).

    c.    Debtor specifically reserve all rights under 11 U.S.C. §524(i) including the right that all post-petition mortgage payments to Bank of America, Loan No. 132671230 and Bank of American Loan No. 132780192 by Debtors, shall be applied and credited to Debtors' mortgage account as if the account were current and no pre-petition default exists.

8.    DECLARATIONS. Under penalty of perjury Debtors affirm that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency and all post-petition payments due on all domestic support obligations have been paid.

9.    EFFECTS OF CONFIRMATION. Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata* and Debtors reserve all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. §524(i), including the right to ensure that all postpetition mortgage payments be applied and credited to Debtors' mortgage account as if the account were current and no prepetition default existed.

10.    PREVIOUS BANKRUPTCIES AND DISCHARGE.

    a.    Under penalty of perjury, Debtors declare that they have not received a discharge in a previous bankruptcy case that would cause ineligibility to receive discharge in the above-entitled case under 11 U.S.C. §1328(f).

11.    INCOME TAX REFUNDS.

    a.    Income tax refunds during the term of this plan projected and such tax refunds are included in budget.

DATED this 29th day of September 2010.

/s/ GARY PAUL GLASGOW
GARY PAUL GLASGOW


/s/RACHEL ANNETTE GLASGOW
RACHEL ANNETTE GLASGOW